IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHNNY LAROND PLUMMER                                                                    PLAINTIFF

V.                                                                                       NO. 4:09CV088-P-A

DELTA CORRECTIONAL FACILITY, et al.                                                     DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, filed this complaint *pro se* pursuant to 42 U.S.C. § 1983. The Plaintiff is attempting to maintain a claim for a due process violation.

In his pleadings, the Plaintiff complains that he was sprayed with mace and placed in administrative segregation, without a disciplinary hearing, for refusing to submit to a strip search. The Plaintiff further claims that his right to due process was violated because he was punished without a hearing and because the Defendants failed to comply with MDOC policy. For relief of these perceived transgressions, the Plaintiff is seeking $75,000.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), this court has come to the following conclusion.

### Due Process

A constitutionally protected liberty interest will be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). In the absence of extraordinary circumstances, it has been repeatedly held that placement in

administrative segregation is an incident to the ordinary life of a prisoner, and will never be a ground for a constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). Therefore, placement of a prisoner in administrative segregation does not impose an atypical and significant hardship required to trigger the protections of the due process clause. *See Hernandez v. Velasquez*, 522 F.3d 556, 562-64 (5th Cir. 2008); *see, also Sharp v. Anderson*, 220 F.3d 587, WL 960568 at *1 (5th Cir. 2000) (placement in administrative segregation after being found not guilty of disciplinary charges did not implicate due process concerns).

Since the Plaintiff alleges he was placed in administrative segregation as punishment, the *Sandin* test applies. *Wilkerson v. Stadler*, 329 F.3d 431, 436 (5th Cir. 2003). To invoke the protections of the Due Process Clause, the plaintiff must have a protected liberty interest at stake. Liberty interests protected by the Due Process Clause are "generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). The Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner. *Id. (*citing *Sandin*, 515 U.S. at 478-80). The punishment complained of by the Plaintiff–being placed in administrative segregation– simply does not implicate a constitutionally protected interest.[1] *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). He, therefore, cannot maintain or prevail as to his due process claim.

To the extent the Plaintiff complains that the Defendant failed to follow Mississippi Department of Corrections' policy and procedure, his claim also fails. It has been widely held that an inmate has no protected liberty interest in grievance procedures. *Geiger v. Jowers*, 404 F.3d 371,

---

[1] The Plaintiff makes no allegation of having lost time as a punishment.

373-74 (5th Cir. 2005). Furthermore, "a prison official's failure to follow the prison's own policies, procedures or regulations" does not provide a basis for relief. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006). Accordingly, the Plaintiff has failed to state a claim upon which relief may be granted.

## Injury

A prisoner plaintiff seeking relief under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. 42 U.S.C. § 1997e(e)*; Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). In the absence of any definition of "physical injury" in 42 U.S.C. § 1997e(e), the well established Eighth Amendment standards guide the analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim arising out of conditions of his confinement. That is, the injury must be more than *de minimis*, but need not be significant. *Geiger*, 404 F.3d at 371; *see also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*).

Here, the Plaintiff has not alleged the existence of any physical injury. He, therefore, may not maintain a claim for damages. Similarly, the Plaintiff may not recover damages for emotional distress absent a physical injury. Since the Plaintiff has not alleged even a *de minimis* injury, he has, therefore, failed to state a claim for an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). Furthermore, the Plaintiff has been removed from the conditions he complained of which renders the likelihood of a future claim only speculative possibility. He has, therefore, failed to state a valid claim for any injunctive relief. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

**Strike**

The dismissal of the Plaintiff's frivolous complaint shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Plummer is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion shall issue this day.

This the 28th day of December, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE